UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANICE BARTON
d/b/a STERLING WORLDWIDE,

                Plaintiff,

            -vs-                         08-CV-591-JTC

CONCEPT LABORATORIES, INC.,

                Defendant .
_____

APPEARANCES:        DIANE M. CIURCZAK, ESQ., Buffalo, New York for Plaintiff.

                        HISCOCK & BARCLAY, LLP (Jessica M. Baker, Esq., of
                        Counsel), Buffalo, New York for Defendant.

## BACKGROUND

Plaintiff commenced this action on August 8, 2008 seeking damages for trademark infringement and breach of contract (Item 1). In her complaint, she alleges that defendant granted her a license to use its trademark, "PET MD," in connection with her website, "petmd.org," and then later granted another license to the "PET MD" trademark to a different company, thus infringing on her rights. Additionally, plaintiff alleges that defendant is selling products under the "PET MD" mark at its own website, "petmd.biz," in breach of the parties' agreement.

Defendant filed its answer to the complaint on October 8, 2008, and an amended answer and counterclaim on October 28, 2008 (Item 9). Defendant alleges that plaintiff is using the "PET MD" trademark without license or authorization. At an initial pretrial

conference on December 15, 2008, the court directed plaintiff to file a motion for partial summary judgment relative to the interpretation of the contract between the parties. Plaintiff filed the motion on January 13, 2009 (Item 13). Defendant filed a response to the motion on February 2, 2009 (Items 14-16).

Following a substitution of attorney, plaintiff filed a reply in support of her motion for summary judgment on March 13, 2009 (Items 27-30). She argued that the term "indefinite" in the contract was meant to grant her a "perpetual" license and that the agreement gave her a license to use the "PET MD" trademark on all "petmd" websites. Plaintiff also argued that, in the event that the agreement was found to be terminable by the defendant, she was entitled to reasonable notice of the termination.

Defendant filed a sur-reply on March 27, 2009 (Items 32-35), asking that the court deny plaintiff's motion for partial summary judgment, construe the contract against plaintiff, and find *sua sponte*, that defendant is entitled to summary judgment. A settlement conference was conducted by Magistrate Judge Hugh B. Scott on July 8, 2009. However, the parties were unable to settle the case.

## FACTS[1]

Plaintiff, doing business as Sterling Worldwide, is the owner of several internet domain names including "www.petmd.org," "www.petmd.tv," and "www.petmd.mobi." Defendant is a corporation that manufactures personal care, household, and pet care products. Defendant is the owner of the trademark "PET MD" for use in pet care products

---

[1] The factual summary is taken from the complaint (Item 1), counterclaim (Item 9), statements pursuant to Local Rule 56.1 (Items 16, 28), and exhibits and affidavits in support of and in opposition to the motion for summary judgment (Items 13, 14, 27, 33).

and is the owner of the domain name "petmd.biz." In 2006, plaintiff contacted defendant's founder and CEO in an effort to reach an agreement regarding her use of the "PET MD" trademark. She presented a business plan whereby she would develop a website offering pet health information. The website would generate income by the sale of advertising of pet-related products and services, and plaintiff offered the defendant free advertising on the website in exchange for use of the "PET MD" trademark.

Plaintiff prepared a "Letter of Agreement" which was signed by the parties in May 2007 (Item 13, Att. 1). The agreement states that defendant owns the "PET MD" trademark for pet-grooming products, and plaintiff owns the domain names "petmd.org," "petmd.tv," and "petmd.mobi." *Id.* According to the agreement, defendant granted plaintiff "the right, privilege and exclusive right to use the trademark, PETMD, in connection with petmd websites including petmd.org, petmd.tv, and petmd.mobi ('the Business')." *Id.* In return, plaintiff granted defendant "the right, privilege and opportunity to feature its products . . . on the petmd.org website . . . ." *Id.* The agreement further provided that defendant granted plaintiff "the indefinite use of trademark, PETMD" and plaintiff granted defendant "indefinite use to feature its products on petmd.org." *Id.* While the agreement states that defendant granted plaintiff "the exclusive use of the PETMD trademark for the 'Business' websites," the agreement does not preclude plaintiff from featuring information, content, products and services of other companies, nor does it preclude defendant "from use of the name for any product it develops or markets with [its] co-packer customers or itself." *Id.*

As of March 2008, plaintiff had not yet completed work on the website. Plaintiff states that defendant advised her that other companies were interested in the "PET MD" trademark and that defendant wanted to do business on the internet through its own

3

website. In April 2008, plaintiff forwarded to defendant a proposed revised agreement which provided that defendant would grant plaintiff "worldwide exclusive perpetual rights to use the PETMD trademark on the internet." Item 14, Exh. D. Defendant rejected the terms of the proposed revised agreement and sent plaintiff notice of termination of the original agreement on May 2, 2008. *Id.,* Exh. E. On May 9, 2008, plaintiff launched the "petmd.org" website using the "PET MD" trademark. On July 7, 2008, defendant sent plaintiff a letter demanding that she cease and desist all use of "petmd.org" as a trademark. *Id.,* ¶ 28.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure provides that a court shall grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If, as to the issue

4

on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994).

In determining a motion for summary judgment involving the construction of contractual language, a court should accord that language its plain meaning, giving due consideration to the surrounding circumstances and apparent purpose which the parties sought to accomplish. *Thompson v. Gjivoje*, 896 F.2d 716, 721 (2d Cir. 1990); *Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir. 1990). When the language of a contract is susceptible to different interpretations and where there is relevant extrinsic evidence of the parties' actual intent, then the contract's meaning becomes an issue of fact precluding summary judgment. *Lucente v. IBM Corp.*, 310 F.3d 243, 257 (2d Cir. 2002). However, "where the language of the contract is unambiguous, and reasonable persons could not differ as to its meaning, the question of interpretation is one of law to be answered by the court." *Rothenberg v. Lincoln Farm Camp, Inc.*, 755 F.2d 1017, 1019 (2d Cir. 1985); *see also JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009).

Plaintiff first asks the court to find that the term "indefinite" was intended by the parties to denote a perpetual duration. (Item 30, p. 4). Alternatively, plaintiff argues that she intended for defendant to convey rights to her for the balance of her working career, approximately 20 years. *Id.*

Having reviewed the plain language of the contract, the court finds that the agreement does not provide plaintiff with a perpetual license to the "PET MD" trademark. Under New

York law, "[c]ontracts which are vague as to their duration generally will not be construed to provide for perpetual performance." *Chapman v. New York State Div. for Youth*, 546 F.3d 230, 237 (2d Cir. 2008) (quoting *Ketcham v. Hall Syndicate, Inc.*, 236 N.Y.S.2d 206, 214 (Sup.Ct. 1962), *aff'd,* 242 N.Y.S.2d 182 (App. Div. 1963)). In the absence of a clear provision, courts are reluctant to declare a perpetual license as a matter of law. *See Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 607 F. Supp. 2d 600, 603 (S.D.N.Y. 2009) ("if the parties to a contract intend for it to be perpetual, they must expressly say so"); *Warner-Lambert Pharm. Co. v. John J. Reynolds, Inc.*, 178 F. Supp. 655, 661 (S.D.N.Y. 1959), *aff'd,* 280 F.2d 197 (2d Cir.1960); *Cronk v. Vogt's Ice Cream, Inc.*, 15 N.Y.S.2d 649, 654 (Sup.Ct.1939) ("True it is that the parties could have stipulated for performance perpetually, but it is a sufficient answer that they did not do so, and that no such conclusion is ever warranted in the absence of clear and unequivocal language which compels it."). Here, the agreement did not explicitly grant a perpetual license, only the right to use the mark for an indefinite duration.

Plaintiff further argues that the agreement grants her a license to use the "PET MD" trademark on all "petmd" websites, not merely those enumerated in the contract. In the agreement, defendant granted plaintiff "the right, privilege and exclusive right to use the trademark, PETMD, in connection with petmd websites including petmd.org, petmd.tv, and petmd.mobi ('the Business')." Item 13, Att. 1. In a provision titled "Exclusivity," the agreement provides that defendant grants plaintiff "the exclusive use of the PETMD trademark for the 'Business' websites" and is not precluded "from use of the name for any product it develops or markets with [its] co-packer customers or itself." Construing the grant

of the license in the context of the exclusivity provision, the court concludes that the parties intended that the license would be granted for plaintiff's use in connection with her "Business" websites, petmd.org, petmd.tv, and petmd.mobi, and did not extend to websites not specified in the agreement. Accordingly, the court denies plaintiff's motion for summary judgment.

Defendant asks the court to search the record and grant judgment to it *sua sponte.* An agreement conferring "a license to use a trademark for an indefinite time, whether oral, written or by implication is terminable-at-will by the licensor." *Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.,* 847 F. Supp. 18, 20 n.1 (E.D.N.Y. 1994); *Compania Embotelladora,* 607 F. Supp. 2d at 603 (quoting *Ketcham,* 236 N.Y.S.2d at 212) ("Absent a fixed or determinable duration or an express provision that the duration is perpetual, the contract is one terminable at will"). Accordingly, the court finds that defendant was within its rights to terminate the contract at any time.

Plaintiff contends that even if the agreement is found to be terminable at will, she was entitled to reasonable notice of the termination. It is undisputed that the agreement did not contain a termination provision. It is the general rule, under New York contract law, that a contract that does not contain a termination provision is terminable only upon reasonable notice. *Italian & French Wine Co. of Buffalo, Inc. v. Negociants U.S.A., Inc.*, 842 F. Supp. 693, 699 (W.D.N.Y. 1993). During April 2008, plaintiff was aware that she and defendant disagreed as to various terms of the contract, specifically whether defendant could market its products through its own "petmd" domain name and whether the grant of a license was perpetual. Plaintiff offered a proposed revised agreement that contained terms which were unacceptable to defendant. Defendant refused to sign the revised agreement and sent a

written notice of termination of the original agreement on May 2, 2008, prior to the launch of plaintiff's website. Whether defendant provided reasonable notice of the termination under the circumstances, and what effect the termination has on the viability of the plaintiff's claims, are questions of fact that cannot be disposed of on a motion for summary judgment.

## CONCLUSION

Plaintiff's motion for partial summary judgment is denied, and the defendant's request for *sua sponte* relief is denied. A telephone conference will be held on February 22, 2010 at 11 a.m. to discuss a further schedule. Chambers will initiate the call.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated: February 8, 2010
p:\opinions\08-591.jan1210